UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S&W FOREST PRODUCTS LTD, <br><br> Plaintiff, <br><br> v. <br><br> CEDAR SHAKE & SHINGLE BUREAU, et al., <br><br> Defendants. | CASE NO. C19-202 MJP <br><br> ORDER ON <br> 1. MOTION FOR CLARIFICATION <br> 2. MOTION TO ENFORCE PRELIMINARY INJUNCTION |

The Court, having received and reviewed:

1. Cedar Shake & Shingle Bureau's Motion for Clarification (Dkt. No. 66), and Plaintiff's Response to Defendant Cedar Shake & Shingle Bureau's Motion for Clarification (Dkt. No. 77);

2. Plaintiff's Emergency Motion to Enforce Preliminary Injunction Order (Dkt. No. 73), and Cedar Shake & Shingle Bureau's Opposition to Plaintiff's Emergency Motion to Enforce Preliminary Injunction Order (Dkt. No.79);

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

ORDER ON - 1

IT IS ORDERED that Plaintiff's due process rights with regard to any hearing contemplating termination of the company from the Cedar Shake & Shingle Bureau ("CS&SB ") will be satisfied if the following requirements are met:

- Written notice of the hearing at least 14 days in advance of the date, time, and place of the hearing, as well as the allegations which support the proposed termination of membership.
- An opportunity to present and to hear testimony (either in person or via video broadcast), submit documents, and to see the written evidence or documentation which is proposed to be submitted by the opposing party at least 7 days in advance of the hearing.
- A hearing of no greater length than a single (8-hour) day, with Plaintiff having up to 4 hours of that time for its presentation.

IT IS FURTHER ORDERED that due process in these circumstances does not include the right to cross-examination.

IT IS FURTHER ORDERED that Defendant CS&SB reinstate Ms. Hothi as a member of the Board of Directors.

IT IS FURTHER ORDERED that the parties will meet and confer and, if a further termination proceeding is contemplated, set the date for that proceeding within 30 days of this order.

**Discussion**

On April 3, 2019, this Court issued an Order Granting Preliminary Injunction in which "Defendant Cedar Shake & Shingle Bureau [was] ordered to restore Plaintiff S& W Forest Products, Ltd.'s membership status to the status which prevailed before the termination announced on December 21, 2018." Dkt. No. 65 at 2.

Following the issuance of the order, both sides filed motions which amounted to requests for clarification of the Court's intent. Defendant CS&SB sought further definition of the extent of the due process to which Plaintiff was entitled in the event that CS&SB decided to attempt once again to terminate Plaintiff's membership in the organization. Plaintiff protested that CS&SB's refusal to reinstate its representative Ms. Hothi to her former position on the Board of Directors was a violation of the preliminary injunction's mandate that the *status quo ante litem* be restored.

Turning first to the due process requirements: Plaintiff's entitlement to due process in this context (i.e., an informal hearing conducted by a self-governing business organization) does not amount to a quasi- or mini-trial. As the parties appear to be unable to resolve this issue on their own, the rules that due process in this context will be satisfied by

1. Advance notice (14 days prior at a minimum) in writing of the date, time, and place of the hearing, as well as the allegations which support the proposed termination of membership.
2. An opportunity for both sides to present witnesses, documents and other evidence, either live or by videoconference; for all interested parties to review the evidence and hear the witnesses; and for both sides to be made aware, at least 7 days in advance of the hearing, of the written evidence or documentation which the other side plans to present.
3. A hearing of no greater than one (8-hour) day in length, with Plaintiff having up to 4 hours of that time for its presentation.

Plaintiff argues that it is entitled to cross-examine any witnesses presented against it. The Court does not agree. The cases cited by Plaintiff in support of its position all involve some form of government action (e.g., termination of welfare benefits, expulsion from a position in a public institution) – the proceeding contemplated here does not qualify as such, and thus is not subject to the fuller panoply of due process rights which a governmental hearing invokes.

In its motion, Plaintiff argues that CS&SB's refusal to reinstate S&W's representative Ms. Hothi to her position on the Board of Directors violates the Court's order to restore the parties to the *status quo ante litem*. The Court agrees. The *status quo ante litem* is defined as "the last uncontested status which preceded the pending controversy." GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000). While the Court's order did not expressly state so, the Court assumed that the parties would return to all circumstances in existence immediately prior to the initiation of the lawsuit. The *status quo ante litem* included Ms. Hothi sitting as an elected member of the Board of Directors, and the Court directs CS&SB to accord her that status forthwith.

This directive does not affect CS&SB's right, in accordance with its Membership Agreement and bylaws, to determine whether Ms. Hothi has a "conflict of interest" as regards the contemplated termination proceeding and to act accordingly. A "conflict" is not the same as a "recusal" and, as the Court has pointed out, is not defined by the Bureau's bylaws. A conflict can be handled in various ways, including: notice to all members of the existence of a conflict, participation in discussions of the issue by the conflicted party without a right to vote, or simply being present in an observational capacity only. It is assumed that, by failing to define the consequences of a conflict, the Board is given a range of alternatives to address one, depending on the nature of the conflict and the issue which the conflict affects.

If a decision is made to "recuse" Ms. Hothi from the termination proceeding (regardless of the form the "recusal" takes), the Court feels compelled to point out that "recusal" is not the same as "removal;" i.e., determining that Ms. Hothi should not participate as a full voting member of the Board in the termination proceeding is not equivalent to a determination that she should not sit on the Board at all. Obviously, if a decision is made to terminate Plaintiff's membership in the Bureau, that will affect Ms. Hothi's ability to sit on the Board, but that decision is not currently within the purview of this Court or this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 24, 2019.

*Marsha J. Pechman*
Marsha J. Pechman
United States Senior District Judge