1

2

3   Larry S. Gangnes, WSBA No. 08118
    Heidi B. Bradley, WSBA No. 35759
    Jessica N. Walder, WSBA No. 47676
4   Joseph D. Adamson, WSBA No. 54752
    1420 Fifth Avenue, Suite 4200
5   P.O. Box 91302
    Seattle, WA  98111-9402
6   Telephone: 206.223.7000
    Facsimile: 206.223.7107
7
    Attorneys for Defendant,
8   Cedar Shake & Shingle Bureau

9

10                       UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
11                                 AT SEATTLE

12  S&W FOREST PRODUCTS, LTD., a British )
    Columbia corporation,                )
13                                        )
                                          )    Case No. 2:19-cv-000202
14                           Plaintiff,   )
                                          )
15         v.                             )    **ORDER GRANTING CEDAR**
                                          )    **SHAKE & SHINGLE BUREAU'S**
16  CEDAR SHAKE & SHINGLE BUREAU, a       )    **MOTION FOR LETTERS**
    Washington nonprofit corporation;     )    **ROGATORY RE WITNESSES**
17  WALDUN FOREST PRODUCTS LTD., a        )    **WAYNE ROURKE AND DAVID**
    British Columbia corporation; and     )    **MOONEY**
18  ANBROOK INDUSTRIES LTD., a British    )
    Columbia corporation,                 )    **NOTE DATE ON MOTION**
19                                        )    **CALENDAR: SEPTEMBER 27, 2019**
                            Defendants.   )
20  _____)

21

22

23

24

25

26

27

    ORDER GRANTING CSSB'S MOTION FOR LETTERS
    ROGATORY RCSSB LETTER
    ROGATORY_MOONEY:7681258_5 E WITNESSES
    WAYNE ROURKE AND DAVID MOONEY - 1
    NO. 2:19-CV-000202

1

2      Upon consideration of Defendant Cedar Shake & Shingle Bureau's Motion For Letters

3 Rogatory Re Witness David Mooney, the Court finds as follows:

4      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

5      The Court, having reviewed the submitted material and relevant authority, and therefore

6 being fully informed, GRANTS Cedar Shake & Shingle Bureau's Motion For Letters Rogatory

7 Re Witness David Mooney and will execute the Letters Rogatory without delay.

8      IT IS SO ORDERED.

9      Dated this _1st_ day of October, 2019.

10

11

12                Marsha J. Pechman
               United States Senior District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER GRANTING CSSB'S MOTION FOR LETTERS
ROGATORY RCSSB LETTER
ROGATORY_MOONEY:7681258_5 E WITNESSES
WAYNE ROURKE AND DAVID MOONEY - 2
NO. 2:19-CV-000202

1

2

3  Larry S. Gangnes, WSBA No. 08118
   Heidi B. Bradley, WSBA No. 35759
   Jessica N. Walder, WSBA No. 47676
4  Joseph D. Adamson, WSBA No. 54752
   1420 Fifth Avenue, Suite 4200
5  P.O. Box 91302
   Seattle, WA  98111-9402
6  Telephone: 206.223.7000
   Facsimile: 206.223.7107
7
   Attorneys for Defendant,
8  Cedar Shake & Shingle Bureau

9

10                UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON
11                        AT SEATTLE

12  S&W FOREST PRODUCTS, LTD., a British )
    Columbia corporation,                )
13                                        )
                             Plaintiff,   )
14                                        )
          v.                              )
15                                        )   Case No. 2:19-cv-000202
                                          )
16  CEDAR SHAKE & SHINGLE BUREAU, a       )   **REQUEST FOR INTERNATIONAL**
    Washington nonprofit corporation;     )   **JUDICIAL ASSISTANCE (LETTER**
17  WALDUN FOREST PRODUCTS LTD., a        )   **ROGATORY) RE DAVID MOONEY**
    British Columbia corporation; and     )
18  ANBROOK INDUSTRIES LTD., a British    )
    Columbia corporation,                 )
19                                        )
                             Defendants.  )
20                                        )

21

22

23

24

25

26

27

REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE (LETTER ROGATORY) RE DAVID
MOONEY  - 3

071293.0088/7681258.5

# I. INTRODUCTION

The United States District Court for the Western District of Washington presents its compliments to the Supreme Court of British Columbia, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. The evidence may be used at the trial on this matter, presently scheduled for May 11, 2020 in Seattle, WA, USA. Discovery is now in progress, with a fact discovery deadline of December 13, 2019.

The United States District Court for the Western District of Washington is the competent court of law and equity over this matter, with power to compel the attendance of witnesses, and has jurisdiction over this matter under 28 U.S.C. § 1331 and 1337. This Court is authorized to request depositions and the production of documents abroad by Letters Rogatory by 28 U.S.C. § 1781(b)(2). This Court may grant reciprocal assistance by the enforcement of Letters Rogatory of the Canadian Courts through its authority under 28 U.S.C. § 1782.

# II. ASSISTANCE REQUESTED

This Court has reviewed the Motion for issuance of Letters Rogatory filed by Defendant Cedar Shake & Shingle Bureau and requests the assistance described herein as necessary in the interests of justice and for the preservation of testimony at trial.

## A. Appearance at Oral Examination

This Court requests that the Supreme Court of British Columbia compel David Mooney, who is a non-party witness to the issues in the underlying litigation and resides in Sorrento, British Columbia, to appear for a full oral examination and cross-examination under oath by counsel for the Defendant Cedar Shake & Shingle Bureau on the following topics as to which Mr. Mooney is the only witness who has knowledge:

1. Mr. Mooney's communications with S&W regarding the use of Specialty Cut labels;

2. Mr. Mooney's knowledge of CSSB and CSA grading standards regarding Specialty Cut labels;

3. Mr. Mooney's declarations and witness statement relating to S&W's motion for

REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE (LETTER ROGATORY) RE DAVID
MOONEY - 4

071293.0088/7681258.5

preliminary injunction and the August 2019 CSSB disciplinary hearing;

4. Mr. Mooney's testimony at the August 2019 CSSB disciplinary hearing; and

5. Mr. Mooney's knowledge of S&W's December 2019 labelling violation and product grade and quality misrepresentation, or of similar labelling violations or misrepresentations by S&W or other CSSB member mills.

Under United States Federal Rule of Civil Procedure 28(b), 28 U.S.C. § 1782(b)(2), and this Court's inherent authority, and to the extent permitted by the applicable laws of Canada and British Columbia, this Court respectfully requests that the Supreme Court of British Columbia require that the following methods and procedures be followed in connection with the examination requested herein:

    **a.** The parties' legal representatives or their designees, the legal representative or designee acting on behalf of Mr. Mooney, and an Official Court Reporter be permitted to be present during the examination;

    **b.** The Official Court Reporter be permitted to record verbatim the examination, including video recording;

    **c.** The examination be governed by the applicable rules of court, including the United States Federal Rules of Civil Procedure and the law of British Columbia, with the law of British Columbia prevailing in the event of a conflict;

    **d.** If during the examination of the witness objection is taken to a question pursuant to the laws of the United States, the objection will be noted on the record, the question(s) answered by the witness and the issue of admissibility reserved for the trial judge in this Court;

    **e.** Notwithstanding d, if the laws of the United States permit an objection to a question and an instruction to the witness not to answer the question, such objection and instruction will be noted on the record and the witness need not answer the question;

    **f.** The witness be examined as soon as practicable, but before December 6, 2019.

**B.    Documents to Produce**

This Court requests that the appropriate judicial authority of Canada compel Mr. Mooney to produce the following documents under oath relating to this matter:

1.  Any documents and communications in witness' possession, custody, or control relating to S&W, including, but not limited to communications with S&W management and employees;

2.  Any documents and communications in witness' possession, custody, or control relating to advice or guidance provided to S&W or other mills regarding or concerning CSSB Specialty Cut labels, including but not limited to any minutes of Board of Directors' meetings addressing Specialty Cut labels;

3.  Any documents and communications in witness' possession, custody, or control relating to CSSB approval of #2 Alaska Yellow Cedar labels in or around September 2015;

4.  Any documents and communications in witness' possession, custody, or control relating to the witness' involvement on the Technical Committee of the Canadian Standards Association regarding the CSA Grading Rules;

5.  Any documents and communications in witness' possession, custody, or control relating to a May 2002 meeting of the CSSB Label Committee; and

6.  Any documents in witness' possession, custody, or control relating to communications with S&W or counsel for S&W regarding or concerning S&W's December 2018 or August 2019 disciplinary hearings, or any S&W lawsuit against CSSB.

### III.  DEFENDANT'S SUMMARY OF THE ACTION

Defendant Cedar Shake & Shingle Bureau's view of this case is as follows. The Court does not adopt this statement as findings of fact or law.  Based on the Defendant Cedar Shake & Shingle Bureau's representations, this Court believes that justice cannot be served between the parties in the above-captioned matter unless the evidence requested herein is made available by the Supreme Court of British Columbia.

REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE (LETTER ROGATORY) RE DAVID
MOONEY  - 6

071293.0088/7681258.5

## A. Factual Background

Cedar Shake & Shingle Bureau ("CSSB") is a nonprofit trade organization whose Members are in the business of producing, distributing, installing, or treating cedar shakes and shingles. The cornerstone of CSSB's operations are its promotion and protection of "Certi®" brand products, which informs consumers that the Member undergoes inspections by an independent third-party inspection agency for compliance with building code standards, and CSSB's own quality grading standards. CSSB has retained Intertek as its independent third-party inspection agency. Witness David Mooney worked at Intertek and inspected the shake and shingle mills of CSSB Members.

S&W owns and operates a shake and shingle mill in Maple Ridge, British Columbia, and became a CSSB Member in 1994. In December 2018, CSSB terminated S&W's membership due to an alleged labeling violation and misrepresentation of its products.

S&W disputes the basis of its termination and filed suit against CSSB and two other defendants alleging that: (i) its termination was a violation of United States antitrust laws, 15 U.S.C. § 1; and (ii) its termination was a breach of S&W's CSSB Membership Agreement under the laws of the State of Washington.

## B. Defendant Believes David Mooney Has Information Relevant to This Case

David Mooney worked as a cedar shake and shingle inspector or quality control auditor from 1987 through 2017, including as an inspector or quality control auditor for CSSB and as an inspector with Intertek and Quality Assurance International, another third-party grading service. In those roles, he was tasked with ensuring that the shakes and shingles produced by CSSB mills met grading quality rules and standards. Mr. Mooney submitted a declaration in this case in support of Plaintiff S&W's Motion for a Preliminary Injunction. Mr. Mooney's testimony is therefore necessary for CSSB to defend the allegations that S&W has raised against CSSB. The deposition and request for documents will not impose an undue burden on Mr. Mooney, and the evidence sought from this witness is not otherwise obtainable.

## IV. RECIPROCITY

In the furtherance of justice and by the proper and usual process of this Court, the United States District Court for the Western District of Washington will provide similar cooperation and assistance to the Supreme Court of British Columbia in the event that the Supreme Court of British Columbia requests similar assistance.

## V. REIMBURSEMENT FOR COSTS

Defendant CSSB, the party noticing this deposition, has assured this Court that they will pay the usual service fees and witness fees, if any are required, for the time spent by the above-listed witness in providing his testimony in accordance with your civil rules of procedure. CSSB requests to be contacted by the witness if the service fees and witness fees will exceed $1000 USD. The Defendant has further assured this Court that they will reimburse the Supreme Court of British Columbia for the costs incurred in executing the Letter Rogatory. CSSB requests to be contacted if the amount to execute this Letter Rogatory will exceed $1,000 USD.

## VI. CONCLUSION

This Court therefore respectfully requests that, in the interests of justice, you compel by your proper and usual process the above-listed witness to appear for oral examination and produce documents.

WITNESS, Marsha J. Pechman, United States District Court for the Western District of Washington, this 1st day of October, 2019.


_____

Marsha J. Pechman
United States Senior District Judge

REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE (LETTER ROGATORY) RE DAVID
MOONEY - 8

071293.0088/7681258.5